235 A.2d 85.

JACQUELINE CRAVEN *vs.* UNITED STATES RUBBER COMPANY.

NOVEMBER 15, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This petition for a writ of certiorari was brought to review a decision of the director of labor denying and dismissing the petition of an injured employee to be supplied with an appliance or apparatus required to cure or relieve her from the effects of an injury.   The employee's petition for such relief was brought pursuant to the provi-

sions of G. L. 1956, §28-33-9, as amended. After hearing thereon the director of labor denied and dismissed the petition. The employee then petitioned for and was granted leave to file the instant petition for certiorari. Pursuant to the writ the papers in this cause have been certified to this court.

It appears from the decision that while the employee was operating a machine in the course of her employment, her hair became entangled in the machinery in such a manner that "* * * a large switch of hair was pulled from her scalp leaving a large patch of her scalp on the right side from the top of her head almost to her forehead devoid of hair." It further appears that she sustained no lacerations or abrasions as a result of this and that after some brief treatment she completed her day's work. She testified that on the following day, because of embarrassment arising from her appearance, she was unable to bring herself to appear before her fellow employees and, in order to return to work, purchased a wig, which would cover the bare area of her scalp. The employer subsequently refused to pay for the wig, and the employee brought her petition expressly under G. L. 1956, §28-33-9, as amended, seeking an order from the director of labor requiring the employer to pay the cost of the wig.

The case was presented to the director for decision on the theory that §28-33-9 conferred upon him authority to direct an employer to supply an injured employee with appliances and apparatus required to cure or relieve the employee from the effects of the injury. Section 28-33-5, as amended, expressly confers upon the workmen's compensation commission authority to require employers to furnish injured employees with surgical appliances or apparatus designed to so cure or relieve the effects of the injury. The director found that the wig would not be an apparatus within the meaning of the provisions of the act required to relieve,

rehabilitate, or cure an employee from the effects of the injury, and denied the petition. In our opinion, the prime issue in this case is whether the provisions of §28-33-9 confer upon the director of labor the same authority as is conferred upon the commission by the terms of §28-33-5.

The right to receive compensation under the act is specifically provided for in §28-33-4, which, in pertinent part, reads as follows: "No compensation except as provided by §§28-33-5 to 28-33-12, inclusive, 28-33-18, and 28-33-19, shall be paid under chapters 29 to 38, inclusive, of this title for any injury which does not incapacitate the employee for a period of at least three (3) days from earning full wages * * *." The record clearly discloses that the employee in the instant case was not incapacitated for a period of at least three days but returned to work prior to the expiration of that period. Consequently, it is clear that if she has a right to recover compensation in any form, it arises under the exception set forth in the previously quoted portion of §28-33-4. That portion, to the extent that it is pertinent here, relates to the provisions of the statute contained in §28-33-5 through §28-33-12.

An examination of §28-33-5 through §28-33-12 reveals that the legislature contemplated payment of compensation for medical and hospital services and for medicines to employees who by reason of their injuries were incapacitated for a period of at least three days, excepting only the provisions of §28-33-9[1]. The latter section, it is clear, contem-

---

[1]Section 28-33-9, as amended, reads: "When an injury results in no incapacity or incapacity of less than three (3) days and the employer fails to authorize reasonable medical, dental and hospital services, and medicines necessary for the treatment of the injury, the director of labor may upon his own motion, or shall upon petition filed by the employee after hearing declare the employer liable therefor, whenever in his opinion the same was necessary for the proper treatment of the injury. The director of labor shall determine questions of liability for injuries sustained under the provisions of this title in petitions filed under this section. The director of labor shall determine the reasonableness of fees for such

plates that medical and hospital services and medicines will be provided for employees who are not entitled otherwise to compensation because they were not incapacitated for a period of at least three days.

This section in its terms obviously was intended to authorize the director to order an employer to provide reasonable medical, dental and hospital services and medicines necessary for the treatment of the injuries when that employer fails to so authorize such assistance. Nowhere in this section is any specific provision made authorizing the director to require the employer to provide medical, optical, dental, or surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury. It is to be noted that in §28-33-5, as amended, the legislature, in prescribing the jurisdiction of the workmen's compensation commission to award medical expenses in cases where the injured employee was incapacitated for three days or more, specifically provided that "The employer shall also provide all medical, optical, dental and surgical appliances and apparatus required to cure or relieve the employee from the effects of the injury, including but not being limited to the following: Ambulance and nursing service, eyeglasses, dentures, braces and supports, artificial limbs, crutches and other similar appliances."

In our opinion, these statutory provisions on their face clearly disclose a legislative intention to confer upon the

services and shall when necessary authorize the payment of medical expenses in excess of the maxima set forth in §28-33-5. The director of labor shall award costs, including counsel fees and fees for medical and other expert witnesses to employees who successfully prosecute petitions for medical expenses in proceedings under this section. Such costs shall be assessed against the employer by the director of labor and shall be made part of the decision. No employee's attorney shall accept any other additional fee for his services for the particular petition for which the fee is awarded in each case by the director of labor. The decision of the director of labor shall be final, and said director of labor shall have the power to prosecute actions for contempt before the workmen's compensation commission to enforce compliance with such decisions."

director a lesser jurisdiction in these matters than was conferred upon the commission. Obviously, the legislative reasons for such action are of no concern to this court, and it is our conclusion that the director is without statutory authority to require an employer to provide apparatus and appliances such as are contemplated in §28-33-5 for the use of injured employees whose incapacity did not extend for a period of at least three days. We are aware of the policy of liberal construction in dealing with the compensation act, but such policy is not to be used to defeat a clear legislative intent.

The legislature, in amending §28-33-9 in 1965, added certain provisions thereto which clearly disclose an intention to expand the jurisdiction of the director. Particularly, we note that §28-33-9, in part, provides: "The director of labor shall determine the reasonableness of fees for such services and shall when necessary authorize the payment of medical expenses in excess of the maxima set forth in §28-33-5." We cannot agree that this specific language of §28-33-9 incorporates by reference all of the provisions contained in §28-33-5 with reference particularly to those provisions of §28-33-5 which authorize the supplying of appliances and apparatus. We are strengthened in this opinion by the fact that the legislature, in amending §28-33-9, went on, after referring to §28-33-5 in this limited manner, to enumerate other matters, including authority given the director to award counsel fees and fees for medical and expert witnesses.

It is our conclusion then that the director is without jurisdiction to require an employer to provide appliances or apparatus required to cure or relieve the employee from the effects of the injury and that no error inhered in his denial of the instant petition. It is perhaps appropriate to disclose that we have considered and reject as being without merit any contention that a wig comes within the purview

of medical, dental, or hospital services or medicines set out in §28-33-9. Whether a wig would come within the purview of the provisions of §28-33-5 requiring an employer to furnish appliances or apparatus to an employee who had been incapacitated for a period of three days or more is a question that is not before us, and we make no decision thereon.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified are ordered returned to the director of labor with our decision endorsed thereon.

*Abedon, Michaelson, Stanzler, Biener, Richard S. Mittleman,* for petitioner.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.